UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-326 |
| GLORIA HARPER | SECTION: "J"(5) |

### ORDER AND REASONS

Before the Court is Defendant Gloria Harper ("Harper")'s, **Motion to vacate, set aside, or correct sentence in under 28 U.S.C. § 2255 (Rec. Doc. 53)** and the Government's Response thereto (Rec. Doc. 59). Because the Court has found the record to be sufficient, no evidentiary hearing is required. For the reasons that follow, the Court finds that petitioner's motion should **DENIED with prejudice**.

On November 18, 2010, the United States filed a one-count Bill of Information charging Harper with conspiring to defraud the United States in violation of 18 U.S.C. § 371 by offering bribes in exchange for controlling the E-rate program[1] in certain school districts. Harper pled guilty and signed a Plea Agreement on June 2, 2011. Harper's Plea Agreement and Presentence Report detailed the specific bribes at issue, which include: (1) $23,500 to two

---

[1] The E-Rate Program is a program initiated by the federal government "to provide subsidies to schools and libraries for use in the purchase and installation of Internet access and telecommunications services as well as internal computer and communications networks." (Rec. Doc. 1, p. 1)

1

school officials in New Orleans, (2) $5,000 to a school official in Arkansas, and (3) $10,000 to a school agent in Illinois. Additionally, Harper made, caused to be made, or had knowledge that a co-conspirator made payments of $79,382 to a school agent in Florida. At her rearraignment, Harper acknowledged that she received and read her Plea Agreement, but did not object to the bribe amounts listed therein.

On February 9, 2012 the Court sentenced Harper to thirty (30) months imprisonment and three (3) years supervised release.[2] During the sentencing hearing, Harper confirmed that she had reviewed the Presentence Report and had no objections to the information included therein. In her Plea Agreement, Harper waived her right to appeal and/or collaterally attack her sentence on any grounds except for claims of ineffective assistance of counsel and prosecutorial misconduct. Harper did not file a direct appeal on ay grounds.

On March 25, 2013,[3] Harper filed the instant motion wherein she claims that her sentence should be reduced because 1) she was

---

[2] Because Harper demonstrated responsibility for her criminal conduct, her offense level was reduced by three levels.

[3] Harper stated that she originally mailed the motion on February 3, 2013, but it was returned February 12, 2013, with a copy of the corrected form to be completed. The Government avers that the Clerk's Office for the Eastern District of Louisiana received Harper's motion on February 11, 2013, but that the motion was on a form from the Northern District of Illinois. On the day it was received, the Government contends that the Clerk's Office mailed the proper form to Harper and she returned the corrected form on March 25, 2013.

2

not given 35 days to review the Final Presentence Report adopted by the Court, 2) she received ineffective assistance of counsel when counsel did not raise objections to the Presentence Report, and 3) the Government engaged in prosecutorial misconduct when it included false or misleading information in the Final Presentence Report. Based on these allegations, Harper requests that her sentence of thirty months be reduced to twelve months and one day with two years of supervised release to follow.

### Legal Standard & Discussion

Initially, the Court must note that it will not consider Harper's claims that her constitutional rights were violated when she did not timely receive her Final Presentence Report because, in her Plea Agreement, she waived her right to appeal or collaterally attack her sentence unless the claim asserted was one of ineffective assistance of counsel or prosecutorial misconduct, and does not claim that this waiver was unknowing or involuntary. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary); United States v. White, 307 F.3d 336, 344 (5th Cir. 2002) (upon a knowing and voluntary waiver of appeal, s court must "hold [the defendant] to his [or her] word and affirm the district court's denial of [a] section 2255" petition).

Moving on to Harper's claims of ineffective assistance of

3

counsel and prosecutorial misconduct, the Court finds that these claims are procedurally barred.  The law in this circuit requires a defendant to first challenge her conviction and sentence on direct appeal before attempting to bring a § 2255 motion.  <u>United States v. Shaid</u>, 937 F.2d 228, 231 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992).  As both the Fifth Circuit and the Supreme Court have emphasized, "a collateral challenge may not do service for an appeal."  <u>Id.</u>, <u>citing</u> <u>United States v. Frady</u>, 456 U.S. 152, 165,(1982). Failure to challenge the sentence on direct appeal results in a procedural default that the petitioner may only cure by demonstrating either (1) cause and prejudice for the default; or (2) that she is "actually innocent" of the crime for which she stands convicted.  <u>Bousley v. United States</u>, 523 U.S. 614, 188 S. Ct. 1604, 1611 (1998).

In this case, Harper did not directly appeal at all, thus the issues raised in the instant habeas petition are procedurally defaulted and may not be considered absent a showing of cause and prejudice for the default, or actual innocence. Harper does not argue actual innocence, nor could she, as she acknowledged the crime both (1) under oath at her re-arraignment, and (2) by signing her Plea Agreement. (Rec. Doc. 28) Thus, Harper's only relief from the procedural bar requires a showing of cause and prejudice for her default.  The Court finds Harper fails to make this showing.

Harper did not object to the bribe amounts that were

4

consistently laid out in the plea agreement (Rec. Doc. 28, p. 7), the factual basis (Rec. Doc. 29, p. 4), the Draft Presentence Report, or the Final Presentence Report.[4] (Rec. Doc. 40, pps. 9, 12, 14, 15, 16) By signing her plea agreement and the factual basis, and not objecting to the PSR, Harper repeatedly acknowledged that the bribe amounts now complained about were accurate. Moreover, Harper acknowledged that there was no ineffective assistance of counsel or prosecutorial misconduct at the time of the signing of her Plea Agreement, and now complains that the inclusion of the same information in the Presentence Report constitutes prosecutorial misconduct and ineffective assistance of counsel. (Rec. Doc. 28, p. 2) The Court cannot accept this as a basis for modifying Harper's sentence. Harper was sentenced within the statutory guidelines, of which she was fully aware at the time of her plea agreement, and is not entitled to a correction of this sentence.

Accordingly,

Harper's **Motion to vacate, set aside, or correct sentence in under 28 U.S.C. § 2255 (Rec. Doc. 53)** is **DENIED with prejudice.**

---

[4] Even in the instant motion, Harper completely fails to explain why she did not raise her ineffective assistance of counsel claim on direct appeal, leaving blank the section of the petition requiring such an explanation. (Rec. Doc. 56, p. 7)

5

New Orleans, Louisiana this 27th day of September, 2013.

                                                _____
                                                CARL J. BARBIER
                                                UNITED STATES DISTRICT JUDGE